IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PHILANDER WALKER, JR.,

    Plaintiff

 VS.

FELISA KNOX,

    Defendant

**NO. 5:07-CV-266 (CDL)**

**PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE**

## RECOMMENDATION

On August 10, 2007, the undersigned issued an order providing instructions to the parties in the above-styled action. Tab #6. In that order, the undersigned advised the plaintiff of his duty to **diligently** prosecute his case or face its dismissal pursuant to Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE. Said order also directed plaintiff to keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address during the pendency of this action.

On July 15, 2008, the undersigned issued an order directing plaintiff PHILANDER WALKER, JR. to respond to defendant's MOTION TO DISMISS FOR WANT OF PROSECUTION. Tab #20. On August 4, 2008, that order was returned to the clerk as undeliverable, with a notation that plaintiff is not in the Baldwin County Jail. Tab #21.

In the court's order of August 10, 2007 (Tab #6), plaintiff was advised, *inter alia*, of the following:

### *DUTY TO ADVISE OF ADDRESS CHANGE*

*During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!*

## DUTY TO PROSECUTE ACTION

*Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.*

On October 5, 2007, defendant Felisa Knox filed a Motion to Dismiss the above-captioned lawsuit. Tab #11. Thereafter, on October 9, 2007, the undersigned directed plaintiff to file a response to said motion. Tab #12. After the passage of the time permitted to file a response had elapsed, plaintiff Walker then requested additional time to respond to defendant's motion but failed to specify why he needed additional time. Tab #13. The undersigned denied plaintiff's motion but granted him additional time to explain why more time and how much time was needed to file a response to defendant's motion. Tab #14. Plaintiff Walker filed a response on November 23, 2007, to the court's order which stated only "(1) I have since gotten legal help; (2) After talking to my Legal Advisor I was informed that more time was needed; (3) 3 to 4 weeks." Tab #15. Thereafter, mail sent to plaintiff in February of 2008 by the Clerk of Court at the address provided by him has been returned as undeliverable. See Tabs #16 and #17.

As noted above, on July 9, 2008, the defendant filed a MOTION TO DISMISS FOR WANT OF PROSECUTION (Tab #19), and the undersigned advised plaintiff of the filing of said motion and of his obligation to file a response thereto. Tab #20. Plaintiff Walker has failed to respond to this order (Tab #19) and has never filed a response to the earlier submitted Motion to Dismiss (Tab #11).

Under the foregoing circumstances, IT IS RECOMMENDED that defendant's MOTION TO DISMISS FOR WANT OF PROSECUTION be GRANTED and that this action be DISMISSED *with prejudice.* Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

Although it appears to be an exercise in futility, the Clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to him at the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 5th day of AUGUST, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE